JAMES J. ROSEVELT and others,

v.

THE PRESIDENT, DIRECTORS AND COMPANY OF THE
BANK OF NIAGARA, JOHN G. CAMP and others.

W. holding a mortgage against C and S. became indebted to them in 3,000 dollars,
   on an open account ; after which, the complainants recovered a judgment against
   C. and S. W subsequently assigned his mortgage to the bank of N. without in-
   dorsing or crediting the 3 000 dollars. The complainants tendered to the bank
   the amount supposed to be due and more ; and now filed their bill for redemption
   and assignment to them, for an account, and to have the 3,000 dollars allowed on
   the mortgage.
The debt of 3,000 dollars from W. to C. and S. is to be allowed as a setoff.
Before the judgment, it was optional with the mortgagee, but a matter of right in the
   mortgagor's, to make this setoff.
That right passed by the judgment to the judgment creditors.
The bank of N. as assignee of the mortgage, took it subject to all equities, and among
   others, to this setoff.

THIS bill was filed by the complainants as trustees for the
creditors of the defendants Caryl and Storrs, who being in-
debted to several persons, executed to the complainants, on
the 17th day of January 1817, a bond with a warrant of

1825.
24th em-
ber
Mortgage.
Setoff.
Assignment.

attorney to confess a judgment, and with condition for the payment of 40,323 dollars and 36 cents, for the benefit of the said creditors.

The bill stated, that judgment was entered on this bond on the 30th day of December 1818, and duly docketted: that at the time of docketting the judgment, Caryl and Storrs were possessed of a valuable real property, of which they had, about the 5th day of June 1814, executed a mortgage to Jonas Williams, to secure the payment of about ten thousand dollars in certain instalments with interest; on which certain payments had been made, amounting to six or seven thousand dollars : that Caryl and Storrs also had a just demand against Williams, for cash advanced and goods sold, amounting to about three thousand dollars, which they were entitled to have credited on the mortgage : that Caryl and Storrs informed two of the creditors, that on a settlement which they were about to make with Williams, their demand against him would be credited on the mortgage : that the bank and the defendant Camp their cashier, knowing these facts, did, with the privity and consent of Caryl and Storrs, come to an arrangement with them, by which Williams assigned the mortgage to the bank, for the sum of upwards of 6,000 dollars, without crediting the 3,000 dollars due from Williams to Caryl and Storrs, and with intent to defraud the complainants ; and that it was then agreed between them, that the said sum of 3,000 dollars should be credited on certain promissory notes which the bank held, and of which Williams and Caryl and Storrs were respectively either drawers or indorsers, and that nearly the whole of their judgment remains unsatisfied : that Camp as cashier, holds the assignment : that upwards of two years ago, the bank refused to redeem their bills and stopped payment, as did also Caryl and Storrs about the same time, and that they are now insolvent : that about the 18th day of July 1820, Camp with the assent of the bank, agreed to receive the bills of the bank from Caryl and Storrs or such person as they should designate, in payment of the mortgage : that Caryl and Storrs by reason of their inability to pay the mortgage, designated the complainants Rosevelt and Center, as the persons empower-

ed by them to take the benefit of this last agreement, and that Rosevelt and Center, on the 28th day of July 1820, caused to be paid to Camp the sum of 3,333 dollars in Niagara bank bills, towards the balance due on the mortgage : that in order to indemnify themselves and the creditors for whom they were trustees, the complainants were desirous to obtain the control of the mortgage, and with that view, about the 13th day of November then following, they caused to be tendered to Camp as cashier, the further sum of about 3,353 dollars which the bank claimed as due on the mortgage, demanding at the same time, an assignment of the mortgage which Camp directed to be prepared ; but which on conversing with Caryl, he refused, offering to retain the money and cancel the mortgage which was not acceded to : that this tender and demand were repeated about the 30th of November, when Camp again refused to assign the mortgage without the consent of Caryl, and the money was left in the hands of Camp, with a request that he would retain it in his hands and hold the mortgage uncancelled : that Williams lately died intestate, and Caryl is his administrator.

The answers of the defendants varied the case in some particulars. They stated, that Williams being in want of money, was about to assign the mortgage unconditionally, to a person who would have called for payment at his pleasure ; to prevent which, Caryl and Storrs interfered, and an arrangement was made with the bank, by which the mortgage would be assigned to them as security for the amounts which Williams owed them, and time should be given for the payment thereof in instalments of from one to four years. The amount was applied in payment of such debts as Williams directed : and 3,000 dollars were applied towards a note of Caryl and Storrs, on which Williams was indorser. The bank denied, that they had any knowledge of the debt due from Williams to Caryl and Storrs, or any intention to defraud any person : Caryl further says, that Williams in assigning the land, declined to credit the amount he owed Caryl and Storrs, because he was so largely their indorser, and would only consent to apply the 3,000 dollars as aforesaid : that neither the bank nor Camp knew of this arrangement.

74

1825.

ROSEVELT
v.
BANK OF NI-
AGARA.

nor of Williams' debt to Caryl and Storrs, nor of the complainants' judgment; and that the assignment was accepted in good faith: that it was agreed, that the bank should not transfer the mortgage, within the four years, without the consent of Caryl and Storrs; and also that by a written memorandum it was agreed that the bank would receive their own notes in payment, which agreement was made at the request of the agents of the complainants, who knew all the circumstances. Caryl says, that this memorandum was made for the express purpose of being transfered to the complainants; but the defendants deny, that there was any understanding that the mortgage should be transfered to the complainants; and Caryl says, that it was to be cancelled on payment: Caryl and Storrs say, that since the docketting of the judgment, they have made valuable improvements on the lands, making the transaction a benefit to the complainants, equal to all they will have to pay in current money to redeem the mortgage. The defendants also say, that the Niagara bills, paid and tendered to Camp by the complainants, were bought at a great discount, so that the whole amount paid and tendered by them, cost them less, than they might have been obliged to pay, if the 3,000 dollars due from Williams had been credited on the mortgage, and the stipulation to receive the notes of the bank, had not been given.

No testimony was taken. The cause was first heard in August 1824. On the thirteenth day of October in that year, the court made an order, declaring the complainants entitled to an assignment of the mortgage, and referring it to a master to ascertain and state the balance due on the mortgage. This reference was executed by Mr. Hawley, one of the masters. His report stated the balance, as it would exist, if the sum of 3,000 dollars were credited on the mortgage, and also the balance which would be due, if that credit were not allowed. This, being the principal question in the cause, was now argued, by

MR. VAN VECHTEN for the complainants, and

MR. BLEECKER for the defendants.

THE CHANCELLOR. Is the sum of three thousand dollars mentioned in the pleadings and master's report, to be deducted from the amount of the debt, which otherwise, appears to be due on this mortgage, or not?

Juba Storrs, Lucius Storrs and Caryl mortgaged to Williams for ten thousand dollars, on the fifth day of June 1814; Williams afterwards, became indebted to them, in the sum of three thousand dollars, for goods sold and money lent; and this debt was incurred, before Williams assigned the mortgage to the bank. In this state of facts, it was just, that the debt from Williams for three thousand dollars, should be credited and applied to the reduction of the greater debt due to him from his mortgage debtors; and the mortgagors had a right to insist that such a setoff should be made. The consent of Williams to this setoff, was not necessary. He had no right to object to it; nor could he prevent it, otherwise than by paying his debt of three thousand dollars : and such a payment would have been in effect, equivalent to the setoff, as it would have enabled the mortgagors immediately to repay the same sum, on account of the mortgage. The right of Juba Storrs, Lucius Storrs and Caryl to make this setoff, was an absolute right in them ; it was as perfect as any right of setoff can ever be ; and that which should have been done, is considered in equity, as done. But as Williams might have paid his debt of three thousand dollars, or might have voluntarily given credit for it, on the mortgage, the mortgagors were not obliged to assert their right of setoff, until a demand of payment or some other cause, should render it necessary to adjust the true amount of the mortgage debt. The right of the mortgagors to make this setoff, therefore, continued to reside in them ; and no adjustment had taken place between them and Williams, on the thirtieth day of December 1818, when the complainants obtained their judgment against the mortgagors. The effect of this judgment was, to bind all the rights of the mortgagors over the mortgaged land, as those rights then existed; and to substitute the complainants in their place, with their rights. The right of the mortgagors to make this setoff, then became the right of the complainants, as judgment creditors; and they

1825.

ROSEVELT
v.
BANK OF NI-
AGARA.

26th September.

1825.

ROSEVELT
v.
BANK OF NI-
AGARA.

may now assert that right, as the mortgagors might before have done.

Thus, when the complainants obtained their judgment, or certainly, before the assignment of the mortgage by Williams to the bank on the fifth day of June 1819, the mortgage debt was in equity, reduced by this sum of three thousand dollars. This sum being a just credit against the mortgage debt, in favor of the mortgagors, must be allowed to the complainants, who as judgment creditors succeeded to all the rights of the mortgagors. The bank took the mortgage subject to all the rights and equities which existed against it, in the hands of Williams. Clute against Robison, 2 John. 595. No subsequent agreement or transaction between the mortgagors, the mortgagee and the assignee or any of them, can impair or affect the rights of the complainants, as judgment creditors of the mortgagors. The complainants have done no act relinquishing their right to this setoff; and it must be allowed as a credit in ascertaining the amount of the debt due on the mortgage.